MARY DUNCAN, plaintiff in error, *vs.* SETH R. TAYLOR executor, defendant in error.

1. A legatee filed a bill against the executor setting forth sundry matters in controversy between them, arising under the will, and others dehors the will. A consent decree was taken adjusting them all, and in general terms instructing the executor to execute the will. Two years after, and when the decree had been partially performed, another legatee, having no interest in nor connection with the subject matter of the suit, caused herself to be made a party defendant with the executor, and then without having filed an answer, and in the absence of any pleadings, setting forth her claim, moved the Court for an order requiring the executor to pay her legacy. *Held, inadmissible.*

Motion, in Terrell Superior Court. Decided by Judge PERKINS, at May Term, 1862.

At said term, Mary Duncan was, on motion, made a party defendant to the cause of Lindsey H. Durham and wife, against Seth K. Taylor, executor of A. B. Duncan, and guardian of the minor children of A. B. Duncan, and her counsel then moved the Court to pass the following order: It appearing to the Court that in accordance with an agreement entered into by the parties in the above case, and a decree of this Court taken at the May Term, 1860, under said agreement, by which it was ordered by the Court that the will of said A. B. Duncan should be carried out by the executor, and a division of the estate of said A. B. Duncan should be made as directed by the will, which division has been made, except the bequest of $1,000, which deceased, by his will, directed his executor to pay over to his mother, Mary Duncan; it is therefore ordered that the executor pay over said bequest to said Mary Duncan.

The claim to the bequest was based on the following purported nuncupative will of A. B. Duncan, a certified copy of which was produced to the Court, unaccompanied by the order of the Court of Ordinary, admitting it to record:

GEORGIA, LEE COUNTY:

We, Henry Herrington, Isaac Welch, and Thomas S. Tuggle were present on the 13th October, 1851, at the residence of A. B. Duncan during his last illness, of which he died during the night of the 15th, at which time, viz., on the 13th, in perfect possession of his mental faculties, he called upon us to take notice of what he was about to say. He now wished us to understand that his will and desire was, that from the love and affection he bore for his mother, Mary Duncan, he wished her to be paid $1,000 out of his estate, notwithstanding his written will, and also that my wife, Ellen Duncan, shall be an equal sharer with my children in all my estate, by putting certain property she holds under a deed into hotch-pot. On the night of the 15th, after making the above request, he breathed his last. Signed by the three witnesses.

A certified copy of the prior written will was also before the Court, but in it no mention of this legacy is made.

The consent decree referred to in the motion is as follows: In accordance with an agreement entered into by the parties, we decree that the portion of assets and property of Blackshear Byon, deceased, which was not reduced into the possession of A. B. Duncan during his life, and which has been reduced into posssession by L. H. Durham from A. H. Hansell, the administrator thereof, consisting of the following negro property, (describing the negroes,) as well also as all other assets received by him from A. H. Hansell, administrator, shall be held and enjoyed by said Durham, free from account, and that all the property, both real and personal, as well as that which was brought into the marriage by said Ellen A. with said A. B. Duncan, as also all the estate of A. B., all of which is now in the hands of Seth K. Taylor, executor, shall be distributed into three equal parts in accordance with the will of said A. B., by five commissioners to be appointed by the Chancellor, who shall proceed, in compliance with the statute, to make distribution by the first day of Jan-

uary next, and that the balance of money found to be due by Seth K. Taylor as executor, after allowing him all legal charges shall likewise be divided in the same manner. That one third part thereof shall be paid over to L. H. Durham in trust for his wife, Ellen A. Durham, as her sole and separate estate, free from all contracts of her present or any future husband, as though she were a *feme sole* to be disposed of as she may direct, by will or otherwise, and the remaining two-thirds be distributed to Alexander B. and Mary E. Duncan, the minor children of A. B. Duncan, deceased, and that this decree, when complied with by Seth K. Taylor, executor, shall discharge him from all liability as administrator of A. B. Duncan, deceased, and shall be a full cancellation and discharge of all the rights of complainants to set up in said bill, and as legatees under the will of said A. B. Duncan; that the appeal from the Court of Ordinary caveating said will be dismissed, and that said Seth K. Taylor, executor, go on in the legal execution of said will.

The Court refused the order, and counsel for movant excepts.

H. MORGAN, for plaintiff in error.

VASON, DAVIS & COMPANY, and STROZIER & SMITH, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The record does not disclose the reason upon which the Court below refused to pass the order or judgment sought by the plaintiff in error, but a sufficient one may be found without either a long or an astute search. Such an one lies upon the surface.

The bill upon which plaintiff in error sought to engraft the order was filed to settle certain matters in controversy, between Ellen A. Durham and her husband, of the one part, and the executor of her former husband, of the other, in which this plaintiff in error had no interest. She was not originally a party. A decree predicated upon an agreement between the parties, made *pendente lite,* was rendered, adjusting all

Duncan *vs.* Taylor.

matters in controversy. Among other things, it was decreed that the executor (defendant) proceed to execute the will of his testator.

After this decree had been rendered and partially executed, the plaintiff in error came into the Court below and asked to be made a party defendant to the bill. No one already a party seemed to feel interest enough in the application to resist it, and it was ordered accordingly, just two years after what purports, by its terms, to be a final decree. Having thus secured a place in the record, she forthwith moved the Court for a peremptory order, requiring the executor to pay to her a legacy, claimed under a nuncupative will, certified by the Ordinary to be on record together with a prior written will; and it is this order which the Court below refused to grant, to which the plaintiff in error excepted.

It does not appear that the bill contained any allegation relative to her claim. Nor does it appear that she filed an answer, in the nature of a cross-bill, setting it forth, nor indeed any answer at all. Though nominally a party, she was still a stranger to the pleadings. She insists that under the direction, that the executor proceed to carry into effect the will, she has a right to enter the Court, at this side door, prove her legacy, and obtain a judgment for its payment without more ado. But this general direction must be understood as having reference to the parties litigant, and to the allegations made in the bill. The will requires that the testator's debts be paid, and if the legatee's application be allowable, upon the same reasoning, any creditor of the testator might engraft upon this decree a summary process for the collection of his debt.

If the claim be not contested there is no necessity for a judgment. If it be pleadings, mutual altercations between the parties, resulting in an issue, either of law or fact, are indispensable. But here, without any pleading, showing an agreement upon certain facts, the Court was asked to ignore the jury and pronounce a judgment, as upon an issue of law resting in parol. If there be any such practice in Chancery we are not aware of it. Let the judgment be affirmed.